RAILROAD COMPANY *v.* McCLURE.

1. No jurisdiction exists in this court under the 25th section of the Judiciary Act, to review a decision of the highest court of the State, maintaining the validity of a law which it has been set up "impairs the obligation of a contract," when the law set up as having this effect was in existence when the alleged contract was made, and the highest State court has only decided that there was no contract in the case.
2. A constitution of a State is in this case admitted to be a "law," within the meaning of that clause of the Constitution of the United States, which ordains that "no State shall pass any law impairing the obligation of contracts."

ERROR to the Supreme Court of Iowa; the case in its principal features being thus:

The District Court of Washington County, Iowa, on a bill by the county to restrain the collection of taxes for the payment of certain county bonds issued to railroads *in June and July*, 1858, and where the fact whether, *at the time the bonds were issued*, the then constitution of the State gave authority to counties to issue such bonds, was one of the issues raised by the pleadings, enjoined the collection; so apparently, in effect, deciding that the bonds were void under the constitution of the State existing when they were issued. The

creditors appealed to the Supreme Court of the State. That court affirmed the judgment. The record brought here from it showed that the creditors made the question before that court, "that the decision of the court below violated that clause in the Constitution of the United States which provides that no State shall pass any law impairing the obligation of contracts; and the decision of this court was against the right set up under such clause of the Constitution."

The creditors now brought their case here as within the 25th section of the Judiciary Act, which enacts that final judgments in the highest court of a State where is drawn in question the validity of a statute of, or authority exercised under any State on the ground of their being repugnant to the Constitution . . . of the United States, and the decision is in favor of such, their validity, may be re-examined and reversed or affirmed in this court.

The Supreme Court of Iowa, as appeared from its published opinion, considered that the decision of the inferior court, which, it stated, had adjudged the bonds to be unconstitutional, and so null and void *ab initio* (in other words, had adjudged that there was *no* contract in the case), was not a decision against the clause of the Constitution of the United States which says "that no State shall pass any law impairing the obligation of contracts;" and on this ground affirmed it.

*Mr. Grant, for the plaintiff in error*, referred to cases in the Supreme Court of Iowa to show that at the time when the bonds were issued, the constitution of that State, now construed by its courts in the decision below so as *not* to authorize the issue by counties of railroad bonds, had been construed so as to authorize such issues;* and argued that the later interpretation, adverse to the validity of the bonds, impaired the obligations of a contract; as this court had decided.†

---

* See the whole history set forth in Gelpcke *v.* City of Dubuque, 1 Wallace, 175.

† Ib.

Mr. Justice SWAYNE stated the case, and delivered the opinion of the court.

This is a writ of error to the Supreme Court of the State of Iowa. The case is brought into this court under the 25th section of the Judiciary Act of 1789.

Nathaniel McClure, and the other complainants who are such in their own right, filed a bill in equity in the District Court of Washington County, whereby they sought to enjoin the collection of taxes, to be applied in the payment of the interest upon certain bonds issued by that county to the Ohio and Mississippi Railroad Company, as set forth in the bill.

Samuel S. Owen, the county treasurer and collector, and S. P. Young, the county judge, were made defendants.

McClure died, and his legal representatives were made parties complainant in his stead. A preliminary injunction was granted. The Ohio and Mississippi Railroad Company prayed to be made a party; was made a party accordingly; and filed an answer, alleging, among other things, that Thomas Durant, Betsey D. Tracey, Joseph E. Sheffield, Clark Durant, Thomas Dunn, and William Newton, were *bonâ fide* holders of $132,000 of said bonds, and that, without their being parties, no decree could be made in the cause. The complainants amended their bill by making those persons defendants, and those defendants thereupon prayed to have the cause removed to the District Court of the United States for the Southern Division of Iowa. The application was overruled. They then filed an answer, wherein they maintained the validity of the bonds, and averred that they and the other holders, held them *bonâ fide*, and prayed that the county judge and the county treasurer should be decreed to collect the amount of taxes requisite to pay the interest which had accrued. They afterwards filed a supplemental answer, in which they set forth that, on the 15th of August, 1860, Clark Durant, for himself and the other defendants, owners of said bonds, commenced in the District Court of the United States for the District of Iowa an action at law against the County of Washington upon the bonds and cou-

pons referred to in the bill, to recover the instalments of interest due thereon for July, 1859, January, 1860, and July, 1860, and that the County of Washington appeared and pleaded in bar the same matters that are set up in the bill, and particularly that the issuing of the bonds was unconstitutional and void, that judgment was rendered in favor of the plaintiff, and that the said county thereupon removed the cause to the Supreme Court of the United States, where it was still pending. The board of supervisors were subsequently made defendants in this case. The District Court of Washington County decreed a perpetual injunction as prayed for. The case was taken by appeal to the Supreme Court of the State. In that court the defendants filed two supplemental answers. In the first it was alleged that since the filing of their preceding answer the case of *Durant* v. *The County of Washington*, taken to the Supreme Court of the United States, had been dismissed from that court, and that the judgment of the District Court of the United States for the District of Iowa then stood in force, and was unsatisfied. The second answer set forth that on the       day of      , 1867, the defendants, Clark Durant and others, by the judgment of the Circuit Court of the United States for the District of Iowa, upon due process of law, recovered a further and other judgment upon interest warrants of said bonds to the amount of $70,652.37; that in said action Clark Durant was plaintiff and the County of Washington defendant, and that the complainants are taxpayers of that county, and privies to said judgment. The board of supervisors also answered in the appellate court. A stipulation was filed by the counsel of the parties admitting the facts set forth in the supplemental answers as to the judgments alleged to have been recovered and the dismissal of the writ of error from this court. The motion to remove the cause to the proper court of the United States was renewed and overruled, as it had been in the court below. The Supreme Court of the State affirmed the decree of the District Court of Washington County. The record shows that the counsel for the plaintiff in error waived in the Supreme Court of the State

all questions except the one relating to the validity of the bonds. The opinion of the court was confined to that subject. The bonds were held to be invalid upon the ground that they were unauthorized and were forbidden by the constitution of the State. The same counsel in his brief and argument here has discussed only that subject. He has presented no other proposition for our consideration. Under these circumstances we have not deemed it proper to extend our examination of the case beyond this point.

The question of the validity of the bonds is not one of Federal jurisdiction. The Constitution of the United States declares,* that no State shall pass a law "impairing the obligation of contracts." The constitution of a State is undoubtedly a law within the meaning of this prohibition. A State can no more do what is thus forbidden by one than by the other. There is the same impediment in the way of both. But the State has passed no law upon the subject, and the constitution of the State, which, as construed by the Supreme Court of the State, has worked the result complained of, was in force when the bonds were issued. The 25th section of the Judiciary Act of 1789 specifies the questions of which we can take cognizance in this class of cases, and expressly excludes all others from our consideration. It is clear that the question before us is not within the affirmative category.

If the case had been brought up from the Circuit Court under the 22d section of the Judiciary Act, this question and all others arising on the record, would have been open for examination. The 25th section is more limited in its operation.

The case will be DISMISSED FOR WANT OF JURISDICTION, and remanded to the court whence it came.

---

* Article I, § 10.