## FRANKLIN TRUST CO. v. PENINSULAR PURE WATER CO.

(Circuit Court of Appeals, Fourth Circuit. May 5, 1908.)

### No. 737.

1. **WATERS AND WATER COURSES—WATER COMPANIES—RIGHTS IN STREETS—COLLATERAL ATTACK.**

   The power of a water company under its charter and municipal ordinances to lay its pipes in streets and highways cannot be collaterally attacked by another corporation in a suit in equity for an injunction.

2. **SAME—WATER COMPANIES—GRANT OF FRANCHISE TO USE STREETS—CONSTRUCTION.**

   A franchise granted by a municipality to a private corporation to occupy streets in the construction of a water system will not be construed as giving an exclusive right, in the absence of express words to that effect.

Appeal from the Circuit Court of the United States for the Eastern District of Virginia, at Norfolk.

R. G. Bickford and O. D. Batchelor, for appellant.

S. Gordon Cumming and Joseph J. De Kinder, for appellee.

Before PRITCHARD, Circuit Judge, and BRAWLEY and PURNELL, District Judges.

PURNELL, District Judge. Appellant is a corporation chartered and doing business in the state of New York. Appellee is a corporation chartered and doing business in the state of Virginia. By deed of trust or mortgage, dated the 1st day of July, 1892, the Newport News Light & Water Company, a Virginia corporation, conveyed to the appellant, as trustee, in trust to secure $1,000,000 of bonds, all its property and franchises then owned or thereafter to be acquired. Included in the property and franchises embraced in the terms of the said mortgage is the water pipe line of said Newport News Light & Water Company, extending from the westerly border of Elizabeth City county, where it adjoins the city of Newport News, through said county, and through the towns of Hampton and Phoebus and the National Military Home for Disabled Volunteer Soldiers and the United States military reservation at Fortress Monroe, to its easterly boundary at

Old Point Comfort, which pipe line occupies the avenues, streets, and alleys of the said towns, home, and reservation, and the roads and highways of said county, in pursuance of subsisting franchises and permits from the authorities, and the mortgagor of appellant is engaged in the business of supplying water to the inhabitants of said territory by means of the said pipe line. In the spring of 1906 the appellee began the construction of a system of water pipes in the territory aforesaid, and was proceeding to lay its pipes in many of the avenues, streets, alleys, roads, and highways then and now occupied by the pipes of the appellant's mortgagor. Upon being advised of the purpose of the appellee in this regard, appellant's mortgagor addressed to the appellee a communication protesting against the appellee company laying its pipe in the streets, or any interference directly or indirectly with the pipes or mains of appellant company's pipes or mains.

Appellee persisted, and on the 1st day of September, 1906, appellant filed a bill in the Circuit Court at Norfolk, in which the foregoing facts were set forth, and alleged appellee was so laying its pipes and threatening to lay its pipes in proximity to the pipes and mains of appellant's mortgagor as to hinder and prevent proper and convenient access for purposes of making repairs and connections, and that the proximity of such new pipe line would be a continuing menace on account of the danger from breakage and leakage, and that the injury to the pipe line of appellant's mortgagor from electrolytic corrosion would also be thereby enhanced, and that the manner in which appellee was laying its pipe line and making the joints was imperfect, thereby increasing the threatened danger resulting from its proximity; and said bill alleged specific instances of violations by the appellee of the statutory requirements in Virginia, regulating the distances to be observed by one pipe line in paralleling and in crossing another, and alleged violations of the statutory requirement that one public service corporation must give notice to another before crossing it with its works, and alleged violation of the statutory requirements that before making any such crossing the damage which might be done thereby should first be ascertained by the exercise of the power of eminent domain, and alleged that appellee had not the power of eminent domain, and had not the power to occupy the streets or highways, for the reason that such powers were not conferred by its charter and did not exist under the general law prior to the adoption of the new Constitution in Virginia and the laws enacted in pursuance thereof, and that the appellee had not amended its charter, as it is permitted to do under the new law, so as to acquire these powers. The prayer of the bill does not seek to enjoin the appellee from occupying the streets and highways of the territory involved, but seeks to restrain the appellee from occupying the streets occupied by appellant's mortgagor in such manner as to do injury to its property. On November 12, 1906, appellant by leave of the court amended its bill by the addition of the following paragraph:

"That by virtue of the franchises acquired and owned by the Newport News Light & Water Company and now held by the plaintiff, Franklin Trust Company, trustee, under the deed of trust aforesaid, for the use of the streets

and highways which the defendant Peninsular Pure Water Company is proceeding to occupy with its pipe line, a contract exists between the state of Virginia and the municipalities of Hampton and Phœbus and the county of Elizabeth City of the one part and the plaintiff of the other part, whereby the said state of Virginia and the said municipalities have undertaken and are obligated to protect the plaintiff in the enjoyment of its said franchises, and to that end to prevent any unwarranted occupation of the streets and highways in which the pipe line of the said Newport News Light & Water Company is laid in pursuance of its said franchises to the injury of plaintiff, and to prevent the occupation thereof by any other pipe line of any other company and of the defendant company in particular, at a nearer distance than six feet of pipe line of the Newport News Light & Water Company when paralleling the same, that distance being necessary for the proper enjoyment of the franchises so held by the plaintiff as assignee of the said Newport News Light & Water Company; and the Legislature of Virginia was and is without authority to prescribe a limit of three feet in such cases, since in so doing it impairs the obligation of the contract under which the plaintiff holds its franchises as aforesaid, and its action is therefore in violation of the Constitution of the United States."

To appellant's bill the appellee filed its answer, denying all the material averments of the bill and exhibiting certain claimed franchises or permits from the Board of Supervisors of Elizabeth City county and the councils of the towns of Hampton and Phœbus for the occupancy of the highways, streets, and avenues thereof. It is agreed in the brief of appellee that this statement of the case, taken principally from one of appellant's briefs, is substantially correct. After hearing counsel at Norfolk and Richmond, on the 5th of February, 1907, the Circuit Court entered its order dissolving the temporary injunction and dismissing the bill at complainant's cost. To which order or decree complainant excepted and assigned the following errors, to wit:

"(1) In this case the plaintiff, as trustee in a mortgage or deed of trust conveying the property and franchises of a water company to secure the payment of $1,000,000 of coupon bonds, alleges that the defendant, another water company, is so laying its water pipes in the streets and highways traversed by it as to do irreparable injury to the property and property rights so held in trust by the plaintiff, and that the defendant is occupying, and threatening further to occupy, such streets and highways without any right or authority whatsoever so to do; in other words, that the defendant is engaged in the commission and maintenance of a public nuisance, and while so engaged is committing a continuing or permanent trespass upon the property and property rights so held in trust by the plaintiff, and thereby causing an injury not estimable or reparable in damages. Such a case is relievable in a court of equity, and was sustained by the proofs; and the court erred in dismissing the bill, which sought an injunction against the further commission of the nuisance or trespass, only in so far as its continuance wrought special and irreparable injury to the plaintiff.

"(2) In any event the court should have restrained and enjoined the defendant from any further violation of the statutory requirements in the laying of its pipes, to wit; that when it becomes necessary for one company to cross with its pipes the pipes of another company, underground, it shall allow at least twelve (12) inches of clear space between the pipes at the point of crossing, and in paralleling shall allow a distance of three (3) feet wherever possible; and in failing and refusing so to restrain and enjoin the defendant the court erred.

"(3) The evidence shows that the defendant has already laid much of its pipe in express violation of the statutory requirements aforesaid of twelve (12) inches of clear space at crossings and three (3) feet when paralleling, and a mandate should have been issued in pursuance of the prayer of the bill re-

quiring this pipe to be taken up; and in failing and refusing to issue such mandatory order the court erred.

"(4) It was incumbent on the defendant, under the statute law in force in Virginia, to give notice of its proposed crossings of the plaintiff's pipe line before proceeding to make same, and, the evidence showing that it had failed to give such notice, it should have been restrained and enjoined from making further crossings until the statutory notice required had been given; and in failing and refusing so to restrain and enjoin the defendant the court erred.

"(5) The statute law of Virginia contemplates and requires that a public service corporation seeking to occupy the streets and highways of the commonwealth and to cross the works of any other public service corporation shall have the power of eminent domain, and, it appearing from the record of this cause that the defendant has no such power, it should be enjoined and restrained from further occupying the streets and highways, or at least from occupying them in a way to injure the plaintiff, until such power shall be acquired by it; and in failing and refusing so to enjoin it the court erred."

It will be noted that each of these exceptions point to a legal proposition. No opinion was filed in the Circuit Court. It was a bill in equity, asking for equitable relief on what would more properly be a cause of action at law. Three briefs were filed for appellant, all of which have been carefully examined, without any equitable merit in the exceptions or assignments of error being discovered. The Circuit Court dismissed the bill at the cost of complainant, and in this action we concur.

Appellee contends that the construction of its line, both as to material and labor, is of such a character that it has not caused and does not threaten any injury to appellant or its mortgagor, and several pages of the briefs are directed to a discussion of the testimony on this point or issue in the cause. This contention seems to be sustained by the testimony. In short, appellant has not shown satisfactorily any substantial injury or damage, done or threatened, and has no standing in a court of equity to question the validity of appellee's charter or municipal authority, under which it proposed or was acting, even if they were invalid. Such acts should be attacked by a direct action instituted for this purpose, and cannot be attacked collaterally by a proceeding in equity. High on Injunctions (2d Ed.) § 917; Savings & Trust Co. v. Bear Valley Irr. Co. (C. C.) 112 Fed. 693; Osborn v. Mo. Pac. R. R. Co., 147 U. S. 259, 13 Sup. Ct. 299, 37 L. Ed. 155.

Appellant claims an exclusive right to use the streets and highways, a monopoly in Newport News, Phœbus, etc., a claim never favored, either by the courts or the legislative branch of our government; and upon this point the opinion in Clarksburg Elec. Co. v. Clarksburg, 47 W. Va. 742, 35 S. E. 995, 50 L. R. A. 142, based as it is on decisions of the United States Supreme Court, is conclusive:

"The federal Constitution (article 1, § 10) provides that 'no state shall * * * pass any law impairing the obligation of contracts.' It is beyond question that a grant by a municipal corporation, under authority of the statute of a state, to a private corporation to supply a city or town with electricity for the public use, or any similar franchise, constitutes a contract, when accepted and carried out by the corporation, which is under the protection of both the state and national Constitutions. New Orleans Gaslight Co. v. Louisiana Light & Heat Producing & Manufacturing Co., 115 U. S. 650, 6 Sup. Ct. 252, 29 L. Ed. 516; Louisville Gas Co. v. Citizens' Gaslight Co., 115 U. S. 683, 6 Sup. Ct. 265, 29 L. Ed. 510. Therefore, we do not question that the electric light company possesses a contract, and lawful vested rights under it; but to

what extent? Has it the right to an exclusive franchise, effectually shutting out others from transacting a very important business, so needful to the public of the city of Clarksburg? Has that company the monopoly it claims? I shall not discuss the question whether an act of the Legislature granting such an exclusive franchise would be valid, further than to say that under the great powers of a state Legislature such an act would likely be valid under the cases just cited and others; but I can safely say that under multitudinous authorities the courts lean against construing statutes so as to grant, or to authorize municipal corporations to grant, such exclusive franchises. Such franchises constitute monopolies, which the law has through ages condemned, because they tie down and restrain and cripple the public right and interest, and sacrifice great public interests to the benefit and aggrandizement of the few." Clarksburg Elec. L. Co. v. Clarksburg, 47 W. Va. 739, 35 S. E. 995, 50 L. R. A. 142.

This court must decline to enter into the lengthy discussion of the facts, as indulged in by counsel, as the foregoing principles apply, no matter how such contentions are decided and seem to be the principles underlying the action of the Circuit Court, the consideration of which constrains us to affirm the decree of said court in dismissing the bill.

Affirmed.