WILLIAM C. MAY, APPELLANT, v. CITY OF GOTHENBURG ET AL., APPELLEES.

FILED MARCH 16, 1911. No. 16,351.

1. **Municipal Corporations: EXCLUSIVE FRANCHISES.** The legislature may by general law authorize cities and villages to grant exclusive franchises to public service corporations.

2. ———: ———. Cities and villages cannot grant exclusive franchises to public service corporations unless authorized by the legislature so to do.

3. ———: ———. The legislature of this state has not authorized cities and villages of less than 5,000 inhabitants to grant exclusive franchises to telephone companies to erect and maintain poles and wires and a general telephone system upon the streets and alleys and within the corporate limits of such cities and villages.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. Affirmed.

*E. A. Cook,* for appellant.

*H. M. Sinclair* and *Warrington & Stewart, contra.*

SEDGWICK, J.

The plaintiff asked for an injunction in the district court for Dawson county enjoining the mayor of the city of Gothenburg from signing an order granting telephone rights to the defendant Farmers Mutual Telephone Company, and enjoining the clerk of the city from causing the ordinance to be published, and enjoining the Farmers Mutual Telephone Company of Gothenburg from setting poles or stringing wires or otherwise establishing a telephone line or lines in the city, and enjoining the city of Gothenburg from passing any ordinance authorizing any person, persons, firm or corporation to erect or maintain a telephone system in the city for local telephone purposes. The defendants filed a general demurrer to the petition, which was sustained by the court, and the action dismissed. The plaintiff has appealed.

The petition alleges that in February, 1907, the village of Gothenburg by ordinance granted to the plaintiff the right to maintain and operate a telephone system in the said village; that the village, by reason of increase of inhabitants, has since become a city. The ordinance granting this right is set out in the petition, and it purports to grant "the exclusive use of the streets and alleys of the village of Gothenburg" for a specified term to the plaintiff for the purpose of erecting poles and placing wires thereon for local telephone purposes. The ordinance contains many provisions supposed to be beneficial to the city and the inhabitants of the city and to the plaintiff. It is not necessary to enumerate and discuss these provisions. The petition then shows that the city is about to enact an ordinance authorizing the defendant Farmers Mutual Telephone Company to establish a local telephone business in the city, and that the defendant, the telephone company,

is about to proceed to establish such system. The contention is that this is in violation of the contract between the plaintiff and the city, in that it interferes with the exclusive right of the plaintiff to establish and maintain a· telephone system in the city during the existence of its contract. It is argued at large and very convincingly that a city, when acting in its corporate capacity and for its own benefits as a city, is bound by its contracts as an individual is bound, and that the proposed action of the city is a distinct violation of its contract with the plaintiff.

That the city is bound by its contract, as above stated, is not doubted. This, however, is always with a qualification that its contracts are within its power, and that any attempt on its part to contract beyond the power delegated to it is ineffectual, and the city cannot be be bound by such supposed contract. It will be seen that the whole question, then, presented in this case is as to the power of the city of Gothenburg to grant an exclusive right to establish and maintain a telephone system within the city. It is usually held that the legislature has such power. It is also held that the legislature may grant such exclusive privilege itself directly (in this state, of course, it must be by general law), or it may delegate such power to the city, and, when such power is delegated by the legislature to the city, its contract creating such exclusive privilege is binding upon it as are its other valid contracts. It is conceded that the legislature has expressly authorized cities of this class to grant exclusive franchises for certain purposes, but not for the purpose contemplated in this action. It was contended by the defendants upon the oral argument that, in the absence of an express grant by the legislature, such power does not exist, and many authorities are cited in the brief sustaining this contention. The plaintiff was given leave to cite further authorities upon his contention that the city may exercise such power without an express grant, and has cited as supporting his proposition: *New Orleans Water Works Co.*

*v. Rivers,* 115 U. S. 674; *City R. Co. v. Citizens Street R. Co.,* 166 U. S. 557; *St. Tammany Water Works Co. v. New Orleans Water Works Co.,* 120 U. S. 64; *Walla Walla City v. Walla Walla Water Co.,* 172 U. S. 1; *Illinois Trust & Savings Bank v. City of Arkansas City,* 22 C. C. A. 171. We do not find that any of these cases support the proposition, and some of them expressly hold to the contrary. The plaintiff makes a strong argument in his brief, and cites authorities supporting it, in favor of the policy of granting exclusive franchises to public service corporations in small towns and cities under careful regulation and control by the public authorities, but this question of policy is wholly for the legislature, and not for the courts. The legislature not having given cities of this class the power to grant exclusive franchises to telephone companies, the contract of the city in this regard is so far void, as beyond the power of the city. That being true, the power of the city to grant franchises to other companies cannot be doubted. The wisdom and policy of so doing are for the determination of the city council.

It follows that the judgment of the district court is right, and is

AFFIRMED.

LETTON, J., not sitting.