17679

STATE, Respondent, v. James LANGLEY, Appellant
(115 S. E. (2d) 308)

584

*Charles W. McTeer, Esq.,* of Chester, *for Appellant,* ■

*Messrs. Daniel R. McLeod, Attorney General,* and *Julian L. Johnson, Assistant Attorney General,* of Columbia, and *George F. Coleman, Solicitor,* of Winnsboro, *for Respondent,*

July 8, 1960.

TAYLOR, Justice.

Defendant, convicted before a Magistrate for violation of the provisions of Act No. 181 of the General Assembly for 1959, now appearing as Sec. 5-624.2 of the Supplement to the Code of Laws of South Carolina, 1952, appeals contending that such Act is violative of Art. I, Sec. 5, of the Constitution of South Carolina, and of the XIV Amendment of the Constitution of the United States.

The Act under consideration provides:

"It shall be unlawful for the operator of any pinball machine to permit any minor under the age of eighteen to play or operate such machine. The operator of any pinball machine shall be responsible that every person who plays or operates his machine is in fact legally authorized to do so."

It is admitted that defendant is an operator of such machine as is referred to in the Act and that at the time of his arrest, a minor of the age of 17 years was playing such machine in his place of business. Defendant elected not to testify but as a defense attacked the constitutionality of the Act by moving that the charges be dismissed upon the ground that the Act was in violation of Art. I, Sec. 5, of the Constitution of South Carolina, and of the XIV Amendment to the Federal Constitution. The motion to dismiss was overruled, and defendant sentenced to pay a fine or serve thirty days in jail. From this sentence defendant appealed to the Court of General Sessions, which affirmed the sentence of the Magistrate and defendant now appeals to this Court.

At the outset we might state that we are concerned here only with the effect of the provisions of the foregoing sec-

tion of the Code upon an operator who permits a minor under the age of eighteen years to play a pinball machine in his place of business.

It is apparent that the purpose of the Legislature in the enactment of the Statute in question was to regulate the operation of pinball machines and not to prohibit their operation.

A pinball machine has been described as one in use of which the player, after depositing a coin in the slot, puts balls in play by pulling a spring actuated plunger on a tilted table upon which there are bumpers which deflect balls in various directions through various lanes, producing a score registered from contact with different bumpers. Young people gather in places of business where pinball machines are located and play such machines in a competitive way, either against one another or the score attainable on the machine itself. The very nature of the machine, the flashing of the lights, the mounting of the score, and its operation in general, is conducive to wagering or gaming. In fact, Legislative history reveals that the General Assembly has been quite concerned with the regulation of such machines and at times they have been declared to be gambling devices. *Alexander et al. v. Martin et al.,* 192 S. C. 176, 6 S. E. (2d) 20; *Alexander v. Hunnicutt et al.,* 196 S. C. 364, 13 S. E. (2d) 630; *Ingram v. Bearden,* 212 S. C. 399, 47 S. E. (2d) 833; *Ringstaff v. Evans,* 212 S. C. 411, 47 S. E. (2d) 838.

The General Assembly in licensing the operation of such machines has a right to regulate such operation under its police power for the public benefit and to require the operation to be conducted in such a way as not to be obnoxious to public health, manners or morals. *In re Lockwood,* 154 U. S. 116, 14 S. Ct. 1082, 38 L. Ed. 929; *Walton v. City of Atlanta,* D. C., 89 F. Supp. 309; 5 Cir., 180 F. (2d) 143; *New Orleans Water-Works Co. v. St. Tammany Water Works Co.,* 120 U. S. 64, 7 S. Ct. 405, 30 L. Ed. 563.

The Act in question does not prohibit the carrying on of a legal business but is a regulation of such business under the police power of the State, see *Arnold et al. v. City of Spartanburg et al.,* 201 S. C. 523, 23 S. E. (2d) 735; and such police power may be exercised for the benefit of the public safety, health, peace, morals, or general welfare, *Gasque, Inc. v. Nates,* 191 S. C. 271, 2 S. E. (2d) 36.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.