## LANAHAN *v.* SEARS.

1. Where a party, on receiving an absolute deed, covenants with his grantor to reconvey the lands, when the money which it was given to secure shall be paid, both instruments must be taken together as constituting a mortgage.

2. The mortgagee of a homestead in Texas cannot maintain ejectment therefor, if the "forced sale" thereof be prohibited by the Constitution of the State which was in force at the date of the mortgage.

APPEAL from the Circuit Court of the United States for the Western District of Texas.

This was a suit in equity by James E. Sears and Clara Sears, against Samuel J. Lanahan.

The case made by the bill is, in substance : The complainants were married in November, 1869, and thereafter lived, and still live, in Texas, said James since his marriage having been, under the Constitution and laws of that State, the head of a family. In May, 1870, they purchased certain improved lots in Waco, Texas, and he thereupon took possession of them, and has, as the head of a family, and with his wife, ever since occupied them as their homestead. He was engaged in business, and became indebted to the firm of Lanahan & Son, of Baltimore, to whom he gave his promissory notes, aggregating $7,858.19. They were not paid, and the firm pressing for payment, or security, he and wife, to obtain time and to prevent legal proceedings, made, May 2, 1873, an absolute deed — which was duly acknowledged and recorded — of the lots to one Robertson, agent of the firm. Though made to him, it was really for the benefit of the firm, and there was executed and delivered, contemporaneously therewith, a writing by him, which sets forth that the deed was made for the purpose of securing the notes.

Notwithstanding the deed, the complainants continued to occupy the homestead. It was subsequently conveyed, without consideration, by Robertson to one Fort, who conveyed it in the same way to Samuel J. Lanahan, a member of the firm. He holds the same for its benefit, and, the notes being due and unpaid, brought ejectment, Dec. 20, 1875, in the court

below, to try the title to, and recover the possession of, the lots, making only said James a party defendant.

The bill avers that the deed of May 2, 1873, and accompanying agreement, constitute a mortgage upon the homestead which cannot be judicially enforced, and that, if the judgment be recovered, the complainant Clara will be wrongly deprived of her homestead. An injunction is prayed for, restraining Lanahan from the further prosecution of his suit.

The defendant's demurrer to the bill having been overruled, and he declining to answer, the court decreed in favor of the complainants.

The defendant then appealed here.

Art. 12, sect. 15, of the Constitution of Texas of 1868 is as follows : —

" The legislature shall have power, and it shall be their duty, to protect by law from forced sale a certain portion of the property of all heads of families. The homestead of a family not to exceed two hundred acres of land (not included in a city, town, or village), or any city, town, or village lot or lots not to exceed five thousand dollars in value at the time of their destination as a homestead, and without reference to the value of any improvements thereon, shall not be subject to forced sale for debts, except they be for the purchase thereof, for the taxes assessed thereon, or for labor and materials expended thereon ; nor shall the owner, if a married man, be at liberty to alienate the same, unless by the consent of the wife, and in such manner as may be prescribed by law."

*Mr. Bernard Carter* for the appellant.

A mortgage of a homestead, executed by the husband and wife to secure his indebtedness, if it be in the form required by the law of Texas, is valid and binding on them. *Sampson & Keene* v. *Williamson*, 6 Tex. 118; *Jordan* v. *Peak*, 38 id. 429. The mortgagee under such a mortgage can, after default and condition broken, maintain in the Circuit Court of the United States an action for the possession of the land.

It is an elementary principle that a mortgagee who is not, as in this case, a citizen of the State where the suit is brought may, after default and breach of the conditions of the mortgage, maintain in the Circuit Court of the United States ejectment,

writ of entry, or whatever may be the appropriate action in the particular jurisdiction to recover possession of the demanded premises. *Brobst* v. *Brock*, 10 Wall. 529 ; *Hutchins* v. *King*, 1 id. 58 ; *Hughes* v. *Edwards*, 9 Wheat. 494. The Constitution of Texas, which exempts from a " forced sale " the homestead, does not inhibit such an action therefor by the mortgagee on the common-law side of the Circuit Court of the United States, although his only remedy in the courts of that State is by a proceeding to foreclose his mortgage.

The action sought to be enjoined seeks no sale of the property, forced or otherwise. It is simply one of the long-established alternative remedies of the mortgagee ; viz., that of taking the property into possession, and applying the rents and profits to the liquidation of the debt. 2 Story, Eq., sect. 1016 ; *Hanway* v. *Thompson*, 14 Tex. 142.

The decisions in Texas establish, —

1. That if there is a mortgage of the homestead, with no power of sale inserted therein, then the court will not decree a sale, because it is in that State a forced sale.

2. That if there is a power of sale inserted in the mortgage or deed of trust, authorizing the trustee or mortgagee to sell on default, he may sell, and this is not a " forced sale." *Sampson & Keene* v. *Williamson, supra; Jordan* v. *Peak, supra.*

The provision in the Constitution adopted by Texas in 1875, that " No mortgage, trust-deed, or other lien on the homestead shall ever be valid, except for the purchase-money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage or trust-deed or other lien shall have been created by the husband alone, or together with his wife ; and all pretended sales of the homestead, involving any condition of defeasance, shall be void," can have no application to the rights secured to the appellant by the mortgage of May 2, 1873.

A subsequent statute substantially altering the security cannot affect the rights of the mortgagee. *Bronson* v. *Kinzie*, 1 How. 318.

It makes no difference whether this attempted impairment of them be by a constitutional or a statutory provision. *Rail-*

*road Company* v. *McClure*, 10 Wall. 511; *Gunn* v. *Barry*, 15 id. 610.

A brief prepared by the late *Mr. Bailie Peyton* was filed for the appellees.

MR. JUSTICE FIELD delivered the opinion of the court.

The premises described in the complaint are in the city of Waco, in the State of Texas. They have been the homestead of the complainants from the time of their purchase, in May, 1870. The conveyance to Robertson in 1873 was accompanied by a defeasance from him, stating that the deed was executed as security for certain promissory notes of the husband. The two documents — the deed, which was absolute in form, and the defeasance — are, therefore, to be taken together as if forming one instrument. They together constitute a mortgage, and as such would be treated in the courts of Texas.

By the Constitution of that State of 1868, which was in force when the notes were given and the mortgage executed, the homestead of a family was not subject to forced sale for debts, except for the purchase-money, or for taxes, and for labor and materials expended thereon. The premises in question, therefore, could not be sold under any decree in a suit for the foreclosure of the mortgage. The prohibition of the Constitution extended to any species of compulsory disposition of the homestead, whether denominated a sale or otherwise. A similar prohibition in the Constitution of 1845 was so construed by the Supreme Court of the State in *Sampson & Keene* v. *Williamson*, contained in the 6th of Texas Reports. In that case Chief Justice Hemphill said that "the Constitution obviously intended that the homestead should be exempted from the operation of any species of execution, or from any forced disposition of the property, whether partial or total, which would disturb the family in the quiet and uninterrupted possession of their home with the property thereto attached. The beneficence of the provision has a much wider range than to protect the family from a sale which would utterly extinguish all right in the property. It shields them also from any extents or deliveries of the property, or from any forcible appropriation of its rents, issues, and profits. It protects the domestic

sanctuary from every species of intrusion which, under color of law, would subject the property, by any disposition whatever, to the payment of debts."

The appellant is the owner of the mortgage in this case, and aware — so states his counsel — that he could not enforce it against the homestead in the State courts, as there mortgages can only be enforced by a decree of sale, commenced an action of ejectment for the premises in the Circuit Court of the United States, contending that the mortgage passed the legal title as against the mortgagors, and that, as its owner, he had a right to recover the possession of the premises for default in the payment of the notes secured. He sought, in other words, to get around the State Constitution by the form of his procedure in the Federal court. We do not think that its wise and beneficent purpose of securing a home to the family against the vicissitudes of fortune can be thus easily evaded. A forced dispossession in ejectment is as much within the prohibition as a forced sale under judicial process. We think, therefore, that the decree in the suit, enjoining the action of ejectment, was properly rendered upon the undisputed facts stated in the complaint; and it is accordingly

*Affirmed.*