ARNOLD v. GOTSHALL ET AL.

1. **Homestead:** USED FOR UNLAWFUL SALE OF LIQUORS: EXEMPTION FORFEITED. Where a house and lot owned by the wife was occupied by the family as a homestead, but the front room of the house was used by the husband for a saloon, *held* that, under § 1558 of the Code, the part used for a saloon was subject to execution for the satisfaction of a judgment obtained against the husband for damages caused by the unlawful sale of liquors by him in said saloon.

*Appeal from Tama District Court.*

MONDAY, MARCH 21.

THE plaintiff is the wife of A. B. Arnold, and the petition in substance states that the defendant D. H. Gotshall unlawfully sold to her husband intoxicating liquors, thereby causing her said husband to become intoxicated, whereby she was greatly damaged; that such unlawful sales were made in certain described premises occupied as a saloon, the legal title to which real estate was in the wife of the defendant, who is also a party to the action. The relief asked is that the plaintiff may recover a judgment, and that the same be made a lien on the premises. The defendants denied the allegations of the petition, and pleaded that the premise

described in the petition were occupied by them as their homestead, and therefore could not be subjected to such lien. It was stipulated that the question as to whether the premises constituted the homestead should be determined by the court. The plaintiff recovered a judgment, but the court found the plaintiff was not entitled to a lien because of the homestead right. From this finding and judgment of the court the plaintiff appeals.

*Brown & Carney*, for appellant.

*C. B. Bradshaw*, for appellees.

BECK, J.—It is conceded that this action was tried in the district court as an equitable action; and, as all the evidence is before us, it will be so tried in this court. There is no material dispute as to the facts. The defendants are husband and wife, and as such are entitled, under the statute, to a homestead; and the single question to be determined is whether the premises in question are of that character. The premises in question are situate in the town of Gladbrook, and consist of a lot about twenty-four feet wide, by 120 feet long, on which is situate a one-story building, which is of about the same width as the lot, and about sixty feet long. The front or north forty feet, at the time the petition was filed, and when the unlawful acts charged were done, was used as a saloon. The defendants occupied the balance of the building as a kitchen, sitting and bed-room, between which and the saloon there was a partition, in which was a door which opened into the saloon. There was a walk of some kind, probably plank, from the front to the rear, on both sides of the building. There was a cellar under the saloon, in which was kept beer; but the evidence fails to show that there was anything else. The only way of going into the cellar was through or from the saloon. The wife of the defendant, the keeper of the saloon, who is a defendant also, owned the property, which was conveyed to her by the husband before the suit was commenced. We are authorized to infer from

the evidence that she knew the saloon was kept by her hus-
band, and consented thereto. The plaintiff claims upon
these facts that the part of the premises used for the purpose
of the saloon does not constitute a part of the homestead.

A part of the premises and building upon and in which a
family reside, which is not used for the purposes of a home-
stead, is not exempt from a judgment against the owner;
that is, a building and the lot on which it is situated may be
partly a homestead, and partly subject to execution, depend-
ing upon the purposes for which the respective parts are
used. *Rhodes v. McCormack*, 4 Iowa, 368; *Wright v. Ditz-
ler*, 54 Iowa, 620; *Mayfield v. Maasden*, 59 Iowa, 517. A
part of a building, or an independent building upon a home-
stead, used as a shop wherein the owner prosecutes his ordin-
ary business, is exempt, as a part of the homestead. Code, §
1997.

Unless the north or front forty feet of the house and lot in
question be exempt as a shop or a place of business, it is
clearly liable for plaintiff's judgment, under the decision
cited. Is it exempt on the ground that it was used by
defendant in the prosecution of the business of keeping a
saloon? We think not. Code, § 1988, declares that, "where
there is no special declaration of the statute to the contrary,
the homestead of every family, whether owned by the hus-
band or wife, is exempt from judicial sale." In our opinion,
Code, § 1558, is a "special declaration of the statute" to the
effect that a homestead, or a part of a homestead, used as a
saloon, is subject to judgments obtained for violation of the
laws against the sale of intoxicating liquors. It is in the
following language: "For all costs assessed or judgments
rendered of any kind, for any violation of the provisions of
this chapter, the personal and real property, except the home-
stead, as now provided by law, of such person, as well as the
premises and property, personal and real, occupied and used
for that purpose with the consent and knowledge of the owner
thereof, or his agent, by the person manufacturing or selling

intoxicating liquors, contrary to the provisions of this chapter, shall be liable . * * *."

This section provides that the homestead, when not used for the purpose of the violation of the law, shall be exempt from judgments therefor; but, when occupied or used for the purpose of the violation of the law, with the consent of the owner, shall be subject to such judgments. The language will admit of no other construction. The condition upon which the homestead is made liable is that it was used for the violation of the law, with the knowledge and consent of the owner. Surely, if defendant had leased the part of the homestead in question for the express purpose of its use as a saloon, it would be liable. If they use it themselves, it surely would not be exempt. It would be absurd to say that the law will deal more tenderly with defendants when they violate the law themselves, than it would if they simply consent to or have knowledge of its violation by others.

The interpretation we put upon the section doubtless expresses the legislative intention, and is in accord with the policy of all legislation for the suppression of crimes. The law will recognize no business which it forbids and declares to be criminal, as entitling the criminal, and those who aid and abet him, to rights and protection based upon such business. It will not recognize the keeping of a saloon, or a house of ill fame, or the manufacture of counterfeiters' supplies and implements, or other like employment carried on in violation of the criminal laws of the state, as a business upon which the criminal can have a claim for protection or exemption. The courts will not hear a violator of law base a claim of right upon his crimes.

In our opinion, the north or front forty feet of the premises in question are subject to plaintiff's lien.

The judgment of the court below is reversed, and the cause is remanded for a decree in harmony with this opinion; or, at plaintiff's option, such a decree may be rendered here.

REVERSED.