LEONARD M. MILLSAP, Appellee, v. JAMES N. FAULKES et al.. Appellants.

No. 46752.

OCTOBER 16, 1945.

Crissman & Bleakley, of Cedar Rapids, for appellants.

Donnelly, Lynch, Anderson & Lynch and Jordan & Jordan, all of Cedar Rapids, for appellee.

GARFIELD, J.— On May 27, 1944, plaintiff contracted to sell for $8,450 a residence property in Cedar Rapids which

had been his homestead since 1924. The purchaser paid $500 down and agreed to pay the balance of $7,950 when merchantable abstract of title and warranty deed were ready for delivery. A month later the purchaser took possession. In July 1942 defendant Faulkes had recovered a judgment against plaintiff for $1,585. The debt on which the judgment was based arose within two years from its rendition. In March 1939 plaintiff had mortgaged his homestead for $5,500 to a savings and loan association. At the time of trial $3,716 was owing the mortgagee. This mortgage was a renewal of prior mortgages, in varying amounts, made commencing in 1929. Prior to the sale of his homestead plaintiff intended to invest $4,950 of the proceeds in another homestead and had at least a tentative oral agreement with a Miss Butcher to purchase her property for that amount.

On June 9, 1944, defendant Faulkes caused execution to issue on his judgment and the purchaser from plaintiff (one Larson) to be garnished. Thereupon plaintiff brought this action asking that the proceeds of the sale be held exempt from the Faulkes judgment. (For convenience we treat Faulkes as sole defendant, although the sheriff is also a nominal defendant.) Defendant contends that the only portion of the proceeds of the sale which plaintiff may hold exempt from the judgment is the $4,950 that plaintiff intends to reinvest in the Butcher property. Plaintiff, however, contends that he is entitled to pay out of the proceeds the amount owing on the mortgage to the savings and loan association and hold the balance exempt for reinvestment in the new homestead.

It appears that plaintiff is obligated for a broker's commission of $422.50 for the sale of his homestead and there are some unpaid taxes against it. The contract obligates plaintiff to pay all liens and encumbrances against the property. It is apparent that if the mortgage indebtedness (not to mention the broker's commission or the taxes) is deducted from the sale price of $8,450, the balance will be less than the $4,950 necessary to pay for the Butcher property. Plaintiff testified in effect that he knew he could get a loan on the Butcher property for the difference between $4,950 and the net proceeds coming to him from the sale to Larson.

The trial court rejected defendant's contention, held that the net proceeds from the sale to Larson, after deducting the amount of the mortgage debt, were exempt to plaintiff for reinvestment in the Butcher property and granted plaintiff the relief prayed for. Defendant has appealed. We affirm the trial court.

It is true, as defendant contends, the general rule is that proceeds from the voluntary sale of exempt property are not exempt in the absence of a statute providing therefor. Union County Inv. Co. v. Messix, 152 Iowa 412, 420, 132 N. W. 823, and cases cited; annotations 1 A. L. R. 483, 119 A. L. R. 467.

Section 10154, Code, 1939, so far as material here, provides:

"Where * * * a new homestead has been acquired with the proceeds of the old, the new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been."

Pursuant to the spirit of this statute, we have held on several occasions that one who sells his homestead may for a reasonable time hold the proceeds exempt in order to reinvest in a new homestead to the extent in value of the old. Harm v. Hale, 206 Iowa 920, 924, 925, 221 N. W. 582, and cases cited; Elliott v. Till, 219 Iowa 649, 655, 259 N. W. 460.

Defendant argues that "the proceeds" from the sale to Larson are $8,450, undiminished by the mortgage debt (and that $3,500—all above $4,950—is liable for the payment of the judgment). To support this argument, defendant relies heavily upon American Sav. Bk. v. Willenbrock, 209 Iowa 250, 228 N. W. 295. There defendant traded his old homestead for a new one. Both were encumbered. Plaintiff, an existing creditor, sought to enforce his claim against the new homestead to the extent that it exceeded the old "in value." The majority opinion holds that *for the purpose of determining such excess in value,* to which the creditor could resort, the value of the old homestead was the value of the physical property, without deducting the amount of the encumbrances against it. This conclusion was reached by a liberal construction in favor of the debtor of what is now section 10154 (with some changes not

material here). Obviously, in the Willenbrock case such construction resulted in greater homestead rights to the debtor in the new property and lessened the value of the excess to which the creditor could resort. There it was the creditor who unsuccessfully contended the value of the old homestead was its physical value less encumbrances.

From the majority holding in the Willenbrock case regarding the value of the old homestead defendant seeks to draw the conclusion that the *proceeds* of the sale here are the full $8,450. But this does not follow. Under the sale contract here, plaintiff is obligated to pay the mortgage to the savings · and loan association in order to deliver the property clear of encumbrance. The fair inference is that plaintiff is unable to pay the mortgage except out of the proceeds of the sale. He testified he was unable to keep up the payments on the mortgage or maintain the home. Unless, therefore, the mortgage is satisfied out of the money paid by Larson, plaintiff is not entitled under his contract to receive the sale price. All that plaintiff can actually receive from the sale is about $4,750 (without taking into account the broker's commission or the taxes).

We have no hesitancy in holding under the facts here that the balance of the purchase money over and above the amount of the existing mortgage constitutes ''the proceeds'' of the old homestead which plaintiff is entitled to hold exempt for the purpose of reinvesting in a new homestead.

If the sale to Larson at a valuation of $8,450 had been subject to the existing mortgage and the contract had provided that plaintiff was to receive only about $4,750, there would be no basis for defendant's contention. In such event, clearly the proceeds of the sale would be reduced by the amount of the mortgage and would be limited to the cash sum due plaintiff. To reach a different result merely because plaintiff contracted to sell his mortgaged home for $8,450 free of encumbrance would be a sacrifice of substance for form.

If we were to hold that $3,700 of the sale price is available to plaintiff's general creditors because plaintiff intends to pay off the mortgage with it rather than to reinvest it in a new home-

stead, plaintiff would be compelled, in order to perform his contract, to pay the mortgage out of the money he had intended to reinvest in a new homestead. Thus practically the entire proceeds could be taken by plaintiff's creditors. Such a result would be contrary to the spirit of the statute.

This court and other courts·generally hold that to secure the benevolent purposes of the homestead laws they should be broadly and liberally construed in favor of the beneficiaries of the legislation. Regard should be had to the spirit of the law rather than its strict letter. This is especially true where the homestead is kept within moderate limits. Olsen v. Lohman, 234 Iowa 580, 13 N. W. 2d 332, 334, 335, and cases cited; 40 C. J. S. 438, section 8b; 26 Am. Jur. 14, 15, sections 12, 13.

 The substance of the dictionary definitions of "proceeds" is "that which is realized from some transaction such as a sale of property." Only in a narrow, technical sense can it be said that plaintiff will realize from the sale to Larson more than the contract price less the amount of the mortgage.

Fardal v. Satre, 200 Iowa 1109, 1114, 206 N. W. 22, 25, though not factually in point, considers the meaning of the word "proceeds" as used in section 10154 and holds in effect that the word is "one of equivocal import and of great generality. * * * of loose and varying significance." See, also, 34 Words and Phrases, Permanent Ed., 124–126; Morrison v. Palmer, 226 Mass. 383, 115 N. E. 419, 420.

Essentially, the question before us is whether the term "proceeds," as used in section 10154, under the facts here, shall be construed to mean "gross proceeds" or "net proceeds." Plaintiff argues in effect for the latter meaning; defendant, the former. The word "proceeds" has been frequently held to mean "net proceeds." See 34 Words and Phrases, Permanent Ed., 132. In Daly v. Crawford, 279 Mass. 262, 181 N. E. 396, 398 (cited in Words and Phrases), a decree ordered trustees to sell real estate and distribute the proceeds. The court held that in order to give title to the real estate it was necessary to pay the liens against it and the word "proceeds" as used in the decree was construed to mean "net proceeds," not "gross proceeds,"—that is, the sale price less the amount paid to satisfy liens and necessary expenses of the sale. This conclusion was

reached without resort to any rule of liberal construction. In view of our duty to construe the statute liberally in favor of plaintiff we are entirely justified in holding that "proceeds," as used in section 10154, under the facts here, means "net proceeds."

It is scarcely necessary to point out that defendant has not been injured by the sale of plaintiff's homestead. Concededly, defendant had no right to resort to the old homestead. His judgment was subject to both plaintiff's homestead exemption and the mortgage.

Our conclusion finds support, on principle, in a number of decisions from other jurisdictions where there is a statutory limit upon the value of property which may be held exempt as a homestead. While there is some authority to the contrary, it is generally held that in determining the statutory value of the premises claimed by the debtor as a homestead the amount of encumbrances is to be deducted. In other words, the debtor may claim the specified value over and above the amount of a mortgage or other lien. See 40 C. J. S. 501, section 62; 26 Am. Jur. 28, 29, section 42; 26 Am. Jur. 78, 79, section 123. Among such decisions are Bartold v. Lewandowska, 304 Mich. 450, 8 N. W. 2d 133, 134; Connor v. McDonald, 120 Neb. 503, 233 N. W. 894, 896; Hoy v. Anderson, 39 Neb. 386, 58 N. W. 125, 42 Am. St. Rep. 591; Keim v. Rand, 37 S. D. 408, 158 N. W. 904, 905. The situation in these cases is not analogous to that involved in American Sav. Bk. v. Willenbrock, supra, 209 Iowa 250, 228 N. W. 295, heretofore discussed. In our opinion, the decision in the Willenbrock case does not conflict with the cited decisions from other jurisdictions.—Affirmed.

MILLER, C. J., and OLIVER, BLISS, WENNERSTRUM, SMITH, MANTZ, and MULRONEY, JJ., concur.

HALE, J., not sitting.