**In the Matter of Property Seized from John Joseph BLY and Judy Ann Bly, Husband and Wife.**

**Appeal of John Joseph BLY and Judy Ann Bly.**

**No. 89–311.**

Supreme Court of Iowa.

May 23, 1990.

Brian J. Kane and Michael J. Gau of O'Connor & Thomas, P.C., Dubuque, for appellants.

Thomas J. Miller, Atty. Gen., Sarah J. Coats, Asst. Atty. Gen., Fred H. McCaw, Co. Atty., and Timothy Gallagher, Asst. Co. Atty., for appellee State of Iowa.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER and LAVORATO, JJ.

McGIVERIN, Chief Justice.

The question presented here is whether a legitimately acquired homestead may be forfeited to the State under Iowa Code chapter 809 (1987) when it has been used by its owner to facilitate the commission of a criminal offense. We think that it may not. Accordingly, we reverse the district court's order of forfeiture.

I. *Background facts and proceedings.* John Joseph Bly and Judy Ann Bly (Blys), and their two minor children, live in the house at 1606 Butterfield Road, Dubuque, Iowa. The house and lot upon which it is built are owned by Blys, subject to a mortgage. This real property is Blys' homestead within the meaning of Iowa Code chapter 561.

Pursuant to a valid search warrant, Blys' house was searched by officers of the Dubuque police department on March 17, 1988. The search turned up numerous items indicative of drug trafficking in virtually every room of the house. From various places in plain view, the officers seized cocaine, methamphetamine and marijuana together with items of drug paraphernalia, including scales, razor blades, trays and straws. Many of the items of paraphernalia were found to have cocaine

and methamphetamine residue on them. The officers also seized cigarette papers, marijuana cigarette butts, marijuana pipes, marijuana seeds, plastic tubes, plastic sandwich bags, a strainer with cocaine residue, and a bottle of inositol (a white powder chemical commonly used to dilute cocaine before sale). Some of the marijuana found in the living room had been divided into quarter-ounce packages.

The search warrant for Blys' house specifically directed the officers to search for a tan suitcase full of marijuana. The officers found the suitcase in a cubbyhole underneath the basement stairs. The suitcase was found to contain several quarter-ounce packages of marijuana and a brown paper bag which, in turn, contained a large plastic bag of "uncut" marijuana.

On March 23, the State "seized" Blys' homestead by serving and filing notice of forfeiture of the homestead. *See* Iowa Code §§ 809.7, 809.8. The sole ground alleged in support of forfeiture was that set forth in Iowa Code section 809.1(2)(b), which makes forfeitable any:

> Property which has been used or is intended to be used to facilitate the commission of a criminal offense or to avoid detection or apprehension of a person committing a criminal offense.

The State did not seek forfeiture on any other statutory ground and, in fact, conceded that the homestead was legitimately acquired. The State did not attempt to evict Blys from their homestead.

On March 28, Blys filed an application for return of their homestead under Iowa Code section 809.9, claiming that it was illegally seized and that it was not forfeitable for several reasons. Among those reasons was the argument that a homestead protected by Iowa Code chapter 561 may not be forfeited under Iowa Code section 809.1(2)(b). This argument was rejected by the district court in a pretrial ruling. The court also denied Blys' request that an attorney be appointed to represent them in the forfeiture proceeding at the State's expense.[1]

---

1. Iowa Code section 809.11(2) provides that "court-appointed counsel, at the state's expense,

is not available in forfeiture proceedings." Blys question the constitutionality of this statute as

A forfeiture hearing was held pursuant to Iowa Code sections 809.10 and 809.11. In addition to testimony from three of the police officers who searched the home on March 17, the State presented evidence from three witnesses who stated that they had purchased, sold, traded and consumed controlled substances at the Bly homestead on numerous occasions over the preceding three years. These three witnesses also testified that they had observed numerous other illegal drug transactions at the Bly homestead. Blys called no witnesses.

In its findings of fact and conclusions of law, the district court ruled that the State had carried its burden of proving by a preponderance of the evidence that Blys' homestead had been used to facilitate the commission of a criminal offense, namely, the possession, use, and sale or distribution of controlled substances.[2] The court ordered Blys' interest in their homestead forfeited to the State.

Blys appealed. Our review is for correction of errors at law. *In the Matter of Property Seized from Rush*, 448 N.W.2d 472, 477 (Iowa 1989).

Although Blys raise several issues on appeal, we need address only the question of law set forth above: whether a legitimately acquired homestead may be forfeited to the State under Iowa Code chapter 809 when it has been used by its owner to facilitate the commission of a criminal offense.

II. *The homestead exemption and the Iowa forfeiture statute.* Iowa Code section 809.1(2) defines "forfeitable property" as any:

a. Property which is illegally possessed.

b. Property which has been used or is intended to be used to facilitate the commission of a criminal offense or to avoid detection or apprehension of a person committing a criminal offense.

c. Property which is acquired as or from the proceeds of a criminal offense.

d. Property offered or given to another as an inducement for the commission of a criminal offense.

The definition does not distinguish between real and personal property. We have no doubt that under this statute, real property is generally forfeitable to the same extent and for the same reasons that personal property is forfeitable.[3] The real property sought by the State in this case, however, is also a homestead under Iowa Code chapter 561.[4]

applied to indigent claimants of property. We need not address this constitutional issue because we agree with the district court that Blys are not indigent. Blys' affidavit of financial condition shows weekly income of over $500, over half of it tax-free. Their debts total less than half of their annual income. They have failed to prove that they would be unable to retain legal counsel without prejudicing their ability to provide necessities for themselves and their children. *See In the Matter of Jacobs*, 309 N.W.2d 481, 483 (Iowa 1981) (constitutionality of denying court-appointed counsel to indigent litigant would not be considered in case involving non-indigent litigant).

2. The district court correctly anticipated our ruling in *In the Matter of Property Seized from Kaster*, 454 N.W.2d 876 (Iowa 1990), by requiring the State to prove a "substantial connection" between the homestead and a criminal offense in order to justify forfeiture of the homestead under Iowa Code section 809.1(2)(b). We agree that such a substantial connection was proven in this case. Blys' homestead was the hub of significant drug-trafficking activity over an extended period of time.

3. This reading of the Iowa statute is in accord with statutes and cases from other jurisdictions which provide that real and personal property are equally forfeitable when used in violation of the criminal law. *See, e.g.,* Fla.Stat.Ann. §§ 893.12(2)(b), 932.701(2)(f) (Harrison Supp. 1989); Mo.Ann.Stat. § 513.607(1) (Vernon Supp.1990); Tex.Crim.Proc.Code Ann. §§ 59.-01(2), 59.02(a) (Vernon Supp.1990); *In re Forfeiture of $5,264*, 439 N.W.2d 246 (Mich.1989).

4. We have found no case in any jurisdiction which has considered whether a homestead may be forfeited under a statute which simply allows forfeiture of real property. At least one state legislature, however, has specifically provided for forfeiture of a homestead in certain situations. Under California law, real property "related to a violation" of certain controlled substance laws is subject to forfeiture. An interest in real property worth up to $100,000, used as a family residence, and owned by two or more people, however, is not subject to forfeiture. But the family residence exemption does not apply if the trier of fact finds that the person claiming the exemption knew or should have known of the unlawful use of the real property. Cal.Health & Safety Code § 11470(g) (West

Iowa Code section 561.16 provides, in relevant part:

> The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary....

Blys argue that this statute precludes forfeiture of their homestead under Iowa Code chapter 809.

Resolution of this claim requires a two-step inquiry. First, is an order of forfeiture a "judicial sale" from which homestead property is generally exempt? If not, our analysis ends and the property is forfeitable; if so, we must then decide whether Iowa Code section 809.1(2)(b) is a "special declaration of statute to the contrary," so that property used to facilitate the commission of a criminal offense would be forfeitable notwithstanding its homestead character.

■ A. *Is an order of forfeiture a "judicial sale" within the meaning of Iowa Code section 561.16?*[5] "Judicial sale" is not defined in the Iowa Code. The term generally refers to a sale by authority of a court of competent jurisdiction, carried out by a person legally appointed and commissioned by the court for that purpose, and subject to confirmation by the court. *See*

*Sturdevant v. Norris,* 30 Iowa 65, 71 (1870); 47 Am.Jur.2d *Judicial Sales* § 1 (1969). It is usually said that it is judicial participation which gives a sale the character of a judicial sale. *See* 47 Am.Jur.2d *Judicial Sales* § 2 (1969).[6]

Notwithstanding the general understanding of the term, in *Sturdevant* we held that a foreclosure sale carried out *without proceedings in court* was a "judicial sale" as that term was used in the dower statute then in effect. *Sturdevant,* 30 Iowa at 71–72. A contrary holding would have frustrated the foreclosure law, which was intended to insulate purchasers of land at nonjudicial foreclosure sales from title challenges by previous mortgagors and mortgagees. *See id.* Likewise, in *Lucas v. Purdy,* 142 Iowa 359, 120 N.W. 1063 (1909), we held that a tax sale accomplished without judicial proceedings was a "judicial sale" under the dower statute; a contrary holding would have frustrated the tax law. In light of these cases, it fairly may be said that in the absence of statutory definition, the term "judicial sale" is always given a meaning dependent upon the context in which it is used and the policies to be furthered or frustrated by the meaning assigned the term.

Supp.1990). It also appears that a state law homestead would be forfeitable under the federal law analogous to Iowa Code chapter 809. *See* 21 U.S.C. § 881(a)(7); *cf.* 21 U.S.C. §§ 853(a), 853(b) (criminal forfeiture).

**5.** The parties seem to have assumed that an order of forfeiture is a judicial sale within the meaning of Iowa Code section 561.16, apparently relying on *Arnold v. Gotshall,* 71 Iowa 572, 32 N.W. 508 (1887), and *McClure v. Braniff,* 75 Iowa 38, 39 N.W. 171 (1888). Neither *Arnold* nor *McClure* raised the question of whether an order of forfeiture under a civil forfeiture scheme is a "judicial sale" within the meaning of the Iowa homestead statute which, at the time, was nearly identical to our current homestead statute. *Compare* Iowa Code § 1988 (1873) *with* Iowa Code § 561.16 (1989). Both cases turned on finding that the liquor prohibition statute at issue (Iowa Code section 1558 (1873)) was a "special declaration of statute" that a homestead used for the illegal sale of intoxicating liquors could be subjected to a judgment lien and judicial sale, notwithstanding the homestead exemption. *See Arnold,* 71 Iowa at 574, 32 N.W. at 509; *McClure,* 75 Iowa at 42, 39

N.W. at 173. The liquor statute at issue in *Arnold* and *McClure* survives to this day. *Compare* Iowa Code § 1558 (1873) *with* Iowa Code § 123.113 (1989).

**6.** In a forfeiture case under Iowa Code chapter 809, title to forfeitable property is said to vest in the State at the time of seizure. Iowa Code § 809.6. The purpose of this rule probably is to prevent someone from transferring ownership of property to another after the property has been seized by the State but before it has been forfeited. *See id.* Property alleged by the State to be forfeitable property does not become forfeited property unless and until *the court* finds the property *to be forfeitable* and enters an order transferring title to the property to the State. Iowa Code § 809.10. The clerk of the district court is empowered to enter an order transferring title to the property to the State only if the notice of forfeiture is not contested by any claimant. *Id.* Thus, in any contested forfeiture proceeding, it is an order of the court which transfers ownership of property from a person to the State. In this respect, an order of forfeiture is the same as a traditional judicial sale.

■ In considering whether an order of forfeiture is a judicial sale within the meaning of Iowa Code section 561.16, we are guided by well-established principles. In this state, homestead statutes are broadly and liberally construed in favor of exemption. *See, e.g., Millsap v. Faulkes,* 236 Iowa 848, 852, 20 N.W.2d 40, 42 (1945). "Regard should be had to the spirit of the law rather than its strict letter." *Id.* The homestead exemption is not "for the benefit of the husband or wife alone, but for the family of which they are a part." *Swisher v. Swisher,* 157 Iowa 55, 65, 137 N.W. 1076, 1080 (1912). Further still, we have recognized that the exemption is not only "for the benefit of the family, but for the public welfare and social benefit which accrues to the state by having families secure in their homes." *In re Estate of McClain,* 220 Iowa 638, 644, 262 N.W. 666, 669 (1935). The policy of our law is to jealously safeguard homestead rights. *Merchants Mut. Bonding Co. v. Underberg,* 291 N.W.2d 19, 21 (Iowa 1980).

With these principles in mind, we think that the term "judicial sale" as used in chapter 561 was intended to encompass any judicially compelled disposition of the homestead, whether denominated a "sale" or not. *Cf.* 40 Am.Jur.2d *Homestead* § 92 (1968) (any compulsory disposition of the homestead is contrary to the homestead exemption); *Lanahan v. Sears,* 102 U.S. 318, 322, 26 L.Ed. 180, 181 (1880) ("A forced dispossession [of a homestead] in ejectment is as much within the prohibition [of forced sale of a homestead] as a forced sale under judicial process."). Although an order of forfeiture is less a sale to the State than a commandeering by the State, it cannot be denied that the benevolent purposes of the homestead statute would be frustrated by giving the term "judicial sale" in section 561.16 a narrow or technical construction dependent upon finding a true "sale." The term should be given a liberal construction in section 561.16 so as to further the purposes of the exemption. *See* Iowa Code § 4.2 (Iowa Code to be construed liberally to promote its objects).

Moreover, the legislature has deemed the homestead exemption so important that only a "special declaration of statute" may override it. *See* Iowa Code § 561.16. This is a clear indication that if the scope of the exemption is to be restricted, it should be done by the legislature in no uncertain terms. Any doubt on our part about the scope of the exemption must be resolved in favor of exemption.

We conclude that an order of forfeiture is a "judicial sale" within the meaning of Iowa Code section 561.16. The answer to the question presented by this case must be found in chapter 809.

■ B. *Is Iowa Code section 809.1(2)(b) a special declaration contrary to the general homestead exemption?* Having decided that the homestead statute generally exempts a legitimately acquired homestead from an order of forfeiture, we must now decide whether Iowa Code section 809.-1(2)(b) is a special declaration of statute that property used to facilitate the commission of a criminal offense is forfeitable notwithstanding its homestead character.

As noted previously, Iowa Code section 809.1(2)(b) makes forfeitable any:

> Property which has been used or is intended to be used to facilitate the commission of a criminal offense or to avoid detection or apprehension of a person committing a criminal offense.

Neither this section nor any other section of chapter 809 mentions forfeiture of a homestead. Chapter 561 is not referred to in chapter 809. Nevertheless, the State argues that chapter 809 is a special declaration of statute that property is forfeitable notwithstanding its homestead character. The State relies on *Arnold v. Gotshall,* 71 Iowa 572, 32 N.W. 508 (1887), and *McClure v. Braniff,* 75 Iowa 38, 39 N.W. 171 (1888).

In *Arnold,* the plaintiff in a private action for damages under a liquor prohibition scheme sought to subject the defendant prohibition violator's homestead to a judgment lien and, ultimately, judicial sale. *Arnold,* 71, Iowa at 572–73, 32 N.W. at 508. The homestead statute at the time provided that:

Where there is no special declaration of the statute to the contrary, the homestead of every family, whether owned by the husband or wife, is exempt from judicial sale.

Iowa Code § 1988 (1873); *Arnold*, 71 Iowa at 574, 32 N.W. at 509. The alleged "special declaration" statute provided:

For all costs assessed or judgments rendered of any kind, for any violation of the provisions of this chapter [concerning liquor prohibition], the personal and real property, *except the homestead*, as now provided by law, of such person, *as well as the premises and property, personal and real, occupied and used for that purpose with the consent and knowledge of the owner thereof*, or his agent, by the person manufacturing or selling intoxicating liquors, contrary to the provisions of this chapter, *shall be liable. . . .*

Iowa Code § 1558 (1873) (emphasis added); *Arnold*, 71 Iowa at 574–75, 32 N.W. at 509. We held that section 1558 was a special declaration of statute that a homestead could, under certain circumstances, be subject to a judgment obtained for violation of the liquor laws. *Id.* at 574, 32 N.W. at 509. *McClure* simply followed *Arnold* in this regard. *McClure*, 75 Iowa at 42, 39 N.W. at 173. We explained in *Arnold:*

This section [Iowa Code section 1558 (1873)] provides that the homestead, when not used for the purpose of the violation of the [liquor] law, shall be exempt from judgments therefor; but when occupied or used for the purpose of the violation of the law, with the consent of the owner, shall be subject to such judgments. The language will admit of no other construction. The condition upon which the homestead is made liable is that it was used for the violation of the law, with the knowledge and consent of the owner.

*Arnold*, 71 Iowa at 575, 32 N.W. at 509.

Iowa Code section 809.1(2)(b) (1987), and chapter 809 in general, are readily distinguishable from the "special declaration" statute at issue in *Arnold* and *McClure*. Section 1558 (1873) clearly stated the legis-lature's intent to subject the homestead to liability for certain violations of the liquor laws; *the homestead exemption was expressly mentioned in section 1558 (1873)*. In contrast, neither the homestead exemption nor chapter 561 is mentioned anywhere in section 809.1(2)(b) (1987) or chapter 809. *Arnold* and *McClure* do not support the State's argument that section 809.1(2)(b) is a special declaration of statute that overrides the broad exemption of Iowa Code chapter 561.

We are also mindful that forfeitures are severe sanctions not favored by our law. *See, e.g., State v. Kaufman*, 201 N.W.2d 722, 723 (Iowa 1972). Chapter 809 is to be strictly construed, with due regard for its legitimate purpose. *See In the Matter of Property Seized from Kaster*, 454 N.W.2d 876, 877 (Iowa 1990).

In light of the legislature's choice not to refer to the homestead law in chapter 809, we conclude that the current Iowa statutes do not permit the State to forfeit a legitimately acquired homestead under section 809.1(2)(b) even though the homestead was used by its owner to facilitate the commission of a criminal offense.

We express no opinion on whether a homestead may be forfeited if illegally possessed or acquired through proscribed means under Iowa Code sections 809.-1(2)(a), 809.1(2)(c) or 809.1(2)(d). *Cf. Cox v. Waudby*, 433 N.W.2d 716, 719 (Iowa 1988) (no homestead interest arises when alleged homestead was purchased with wrongfully or illegally appropriated funds).

The order of forfeiture is reversed.

REVERSED.