**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF PROPERTY LOCATED AT R.R. 2, INDEPENDENCE, BUCHANAN COUNTY, IOWA, With all Appurtenances and Improvements Thereon, Defendant.**

**No. C 90–2050.**

United States District Court,
N.D. Iowa, E.D.

April 4, 1991.

Patrick J. Reinert, Asst. U.S. Atty., Cedar Rapids, Iowa, for plaintiff.

James H. Reynolds, Dubuque, Iowa, for claimants Karen Brandt and Gilbert Brandt.

Robert J. Murphy, Independence, Iowa, for claimant Farmers State Sav.

## ORDER

HANSEN, District Judge.

This matter is before the court on plaintiff's unresisted motion for consent judgment and decree of forfeiture, filed September 10, 1990, and plaintiff's unresisted motion to strike claim and answer, motion for entry of default, motion for consent judgment, and motion for final order of forfeiture, filed December 7, 1990.

On September 6, 1990, this court entered an order striking the claim of Gilbert Brandt, filed July 17, 1990, the amendment to the claim of Gilbert Brandt, filed July 24, 1990, and the amendment to the claim of Karen Brandt, filed July 24, 1990, for failing to verify the claim on oath or solemn affirmation as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Rules). On September 10, 1990, Karen and Gilbert Brandt moved to reconsider. One of the arguments raised was that the property involved was received by Karen Brandt as part of the property distribution resulting from the dissolution of the marriage of Karen Brandt and Paul Hunziker. Karen Brandt also received custody of their minor son, Jason Hunziker. The Brandts argued that the property was also received for the benefit of Jason Hunziker and that his interest should not be forfeited due to the actions of his parents. The Brandts did not specifically describe the legal basis for the claimed interest in the property on the part of Jason Hunziker.

In its order entered October 26, 1990, this court noted that no claim had been filed in this action by Jason Hunziker or by any person on his behalf. Jason Hunziker did appear to be a minor. Rule A of the Supplemental Rules provides that the Rules of Civil Procedure apply to forfeiture proceedings and other admiralty and maritime proceedings to the extent they are not inconsistent with the Supplemental Rules. Federal Rule of Civil Procedure 17(c) provides that "[t]he court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." Fed.R.Civ.P. 17(c). The court found that the interests of justice required the further investigation of the existence of any interests of Jason Hunziker in the subject property. Karen Brandt, as Jason Hunziker's legal custodian, was directed to file either a properly verified claim and answer in this matter, in the event that Jason Hunziker possessed any legally supportable claim to the property which should be protected, or an affidavit stating that Jason Hunziker possessed no legally supportable claim to the property.

On November 21, 1990, Karen Brandt filed a claim and answer on the behalf of Jason Hunziker. The claim asserts a homestead right to the property and that that homestead right is precluded from forfeiture by Iowa Code Chapter 561 and the decision of the Supreme Court of Iowa in *In the Matter of Property Seized from Bly*, 456 N.W.2d 195 (Iowa 1990). *Bly* held that a homestead, as defined in Iowa Code Chapter 561, could not be forfeited pursuant to the Iowa forfeiture statute, Iowa Code Chapter 809. *Bly* did not involve the federal forfeiture statute, 21 U.S.C. § 881. In fact, the court stated "[i]t also appears that a state law homestead would be forfeitable under the federal law analogous to Iowa Code Chapter 809. *See* 21 U.S.C. § 881(a)(7)." *Bly*, 456 N.W.2d at 198 n. 4. The claim further asserts that the forfei-

ture statute violates numerous provisions of the United States Constitution. Beyond listing those provisions, no brief or other discussion elaborating on how those provisions are violated has been provided to the court.

The government argues that a claimant must show standing to contest the forfeiture. *See United States v. One (1) 1976 Cessna Model 210 L Aircraft*, 890 F.2d 77, 79–80 (8th Cir.1989). "To prove this threshold issue, a claimant must prove that he or she is the owner of the property subject to the forfeiture action." *Id.* at 80. A future expectation of ownership by a child is insufficient to give a claimant standing. *Case of One 1985 Nissan*, 889 F.2d 1317, 1321 (4th Cir.1989); *United States v. One Rural Lot*, 739 F.Supp. 74, 78 (D.P.R.1990); *United States v. Parcel of Real Property Known as 6109 Grubb Road*, 708 F.Supp. 698, 704 (W.D.Pa.), *vacated in part on other grounds*, 886 F.2d 618 (3d Cir.1989).

The government asserts that Jason Hunziker is not listed as an owner on the title of the subject property. Claimant does not dispute this fact. Iowa Code § 561.1 defines "homestead" as "embrac[ing] the house used as a home by the owner." Jason Hunziker has no present ownership interest in the property and thus the property cannot be considered his "homestead." The court finds that Jason Hunziker has no standing to contest the forfeiture of the subject property. Plaintiff's motions to strike the claim and answer of Jason Hunziker and to enter a judgment of default against Jason Hunziker will be granted.

On July 10, 1988, a verified complaint for forfeiture was filed against the defendant parcel of property. The complaint alleges that the defendant parcel of property was used to facilitate the commission of a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. The complaint further states that said violations are punishable by more than one year's imprisonment, and therefore the defendant parcel of property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

Pursuant to a warrant for arrest issued by this court on July 10, 1988, the United States Marshal for the Northern District of Iowa seized said property on July 11, 1990. On July 11, 1990, the United States Marshal personally served Karen G. Brandt, Gilbert L. Brandt, Paul Hunziker, and the Farmers State Bank with the complaint, the warrant of arrest, and the writ of entry. On July 19, July 26, and August 2, 1990, notice of this action was published in *The Cedar Rapids Gazette* and *The Independence Bulletin–Journal.*

This court has stricken the claims and answers filed by Gilbert L. Brandt, Karen G. Brandt, and Karen G. Brandt on the behalf of Jason Hunziker. *See* order of September 6, 1990, order of October 26, 1990, this order. The Farmers State Savings Bank of Independence, Iowa, timely filed a verified claim on July 18, 1990 and July 19, 1990, and an answer on July 31, 1990. Plaintiff and the Farmers State Savings Bank have entered into a settlement agreement. *See* settlement agreement, filed October 2, 1990. Farmers State Savings Bank consents to the entry of a decree of forfeiture. Plaintiff and Farmers State Savings Bank have agreed, that upon the final disposition of the subject property by the United States, Farmers State Savings Bank's mortgage indebtedness will be paid in full.

Plaintiff's motions for entry of consent judgment and motion for final order of forfeiture will be granted.

## ORDER:

Accordingly, It Is Ordered:

1. Plaintiff's motion to strike claim and answer of Karen Brandt on the behalf of Jason Hunziker, filed December 7, 1990, is granted. The claim and answer of Karen Brandt on the behalf of Jason Hunziker, both filed November 21, 1990, are hereby stricken.

2. Plaintiff's motion for entry of default, filed December 7, 1990, is granted. Default is hereby entered against Karen Brandt on the behalf of Jason Hunziker.

3. Plaintiff's motion for consent judgment and decree of forfeiture, filed September 10, 1990, and plaintiff's motion for consent judgment and motion for final order of forfeiture, filed December 7, 1990, are granted.

4. It is hereby ordered, adjudged, and decreed that the defendant One Parcel of Property located at R.R. 2, Independence, Buchanan County, Iowa, with all appurtenances and improvements thereon, is forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party, except as set forth in the settlement agreement between plaintiff and the Farmers State Savings Bank of Independence, Iowa, which was filed with the court on October 2, 1990.

5. The defendant property shall be disposed of according to law.

6. The clerk of court shall enter judgment accordingly.