# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 96-1838

———————

In re: Stanley Bargfrede;             *
Pamela Bargfrede,                     *
                                      *
            Debtors.                  *
                                      *
-------------------------             *
                                      *
Michael S. Dietz, Trustee of          *
the Bankruptcy Estate of              *  Appeal from the United States
Stanley and Pamela Bargfrede,         *  District Court for the
                                      *  District of Minnesota.
            Appellant,                *
                                      *
       v.                             *
                                      *
St. Edward's Catholic Church;         *
Diocese of Dubuque,                   *
                                      *
            Appellees.                *


———————

Submitted: February 14, 1997

Filed: June 27, 1997

———————

Before HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
MELLOY,[1] District Judge.

———————

PER CURIAM.


    Bankruptcy Trustee Michael Dietz (Trustee) appeals the

_____

    [1]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the District of Northern Iowa, sitting by
designation.

district court's affirmance of the bankruptcy court's entry of summary judgment in favor of St. Edward's Catholic Church and the Diocese of Dubuque (Church) in his proceeding to recover three pre-filing transfers. We reverse in part and remand.

In 1989, Pamela Bargfrede pleaded guilty to felony theft after she embezzled over $200,000 from the Church at which she was employed as a bookkeeper. The Church was awarded a civil judgment, which was satisfied by agreement after the three separate payments which are at issue in this matter were received by the Church. The first payment, made in 1991, represented the proceeds from the sale of the Bargfredes' homestead. The second payment, also made in 1991, represented the proceeds from an auction sale of their personal property and household items. The third payment was made by Pamela's husband, Stanley Bargfrede, in July 1992, and represented a lump sum withdrawal from his pension and profit sharing accounts.

On April 19, 1993, less than one year after the last payment, the Bargfredes filed a Chapter 7 bankruptcy petition. As relevant to this appeal, the Trustee commenced an adversary proceeding to recover the 1992 transfer of Stanley's pension funds as fraudulent under 11 U.S.C. § 548(a)(2)(A),(B)(i); alternatively, the Trustee claimed the transfer was preferential because the Church was an insider pursuant to 11 U.S.C. § 547. The trustee also sought to recover Stanley's one-half interest in the 1991 transfers of the proceeds from the sales of the homestead and personalty as fraudulent under Iowa law pursuant to 11 U.S.C. § 544(b).

The bankruptcy court granted the Church summary judgment with respect to all three transfers, finding the release of a possible burden on the marital relationship and the preservation of the family relationship constituted reasonably equivalent value and

consideration to Stanley.  The bankruptcy court alternatively concluded that the homestead proceeds were exempt.  The bankruptcy court also rejected the Trustee's claim that the pension funds transfer was preferential.  The district court affirmed.

We review de novo a grant of summary judgment, determining whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); In re Young, 82 F.3d 1407, 1413 (8th Cir. 1996).

As to the transfer of Stanley's pension funds, the provision under which the Trustee is proceeding allows him to void the transfer as fraudulent if Stanley did not receive reasonably equivalent value for the transfer and if he was insolvent at the time of, or made insolvent by, the transfer.  See 11 U.S.C. § 548(a)(2)(A), (B)(i).

We conclude the bankruptcy court erred in holding that Stanley received reasonably equivalent value for the transfer of his pension funds. The transfer directly benefitted Stanley's wife, not him, by discharging her debt to the Church.  See In re Jolly's, Inc., 188 B.R. 832, 842 (Bankr. D. Minn. 1995) (transfers made solely for benefit of third party do not furnish reasonably equivalent value); Biggs v. United States Nat'l Bank, 11 B.R. 524, 527 (D. Neb. 1980) (same).  To the extent Stanley received indirect, non-economic benefits in the form of a release of a possible burden on the marital relationship and the preservation of the family relationship, we find these sufficiently analogous to other intangible, psychological benefits to conclude that they do not constitute reasonably equivalent value.  See In re Young, 152 B.R. 939, 948 (D. Minn. 1993) (moral obligations not reasonably

equivalent value), rev'd on other grounds, 82 F.3d 1407 (8th Cir. 1996); see also In re Treadwell, 699 F.2d 1050, 1051 (11th Cir. 1983) (love and affection not reasonably equivalent value); Zahra Spiritual Trust v. United States, 910 F.2d 240, 249 (5th Cir. 1990) (spiritual fulfillment not reasonably equivalent value).

The transfers of Stanley's one-half interest in the homestead and personalty proceeds are not voidable under section 548(a), as they were made more than a year before the Chapter 7 filing. See 11 U.S.C. § 548(a). However, the Trustee may still void these transfers if they are voidable under Iowa law. See 11 U.S.C. § 544(b); Iowa Code Ann. § 614.1(4) (West Supp. 1996) (five year statute of limitations). Under Iowa law applicable at the time this action was filed,[2] the Trustee may set aside the transfers in question if they were fraudulent; the transfers are presumed to be fraudulent if Stanley did not receive consideration, unless the Church proves that Stanley remained solvent after the transfers. See Regal Ins. Co. v. Summit Guar. Corp., 324 N.W.2d 697, 703 (Iowa 1982).

The bankruptcy court concluded that the release of a possible burden on the marital relationship and the preservation of the family relationship also constituted consideration for the transfers of the homestead and personalty sale proceeds. As the Supreme Court of Iowa has not addressed this precise issue, we must attempt to predict what that Court would decide if faced with the issue, considering "relevant state precedent, analogous decisions, considered dicta, . . . and any other reliable data". See Ventura v. Titan Sports, Inc., 65 F.3d 725, 729 (8th Cir. 1995), cert.

---

[2]Iowa's Uniform Fraudulent Transfer Act does not apply to this matter, as the Act, which was effective January 1, 1995, is not retroactive. See Iowa Code Ann. §§ 684.1-684.12 (West Supp. 1996).

-4-

denied, 116 S. Ct. 1268 (1996).  We believe that the Supreme Court of Iowa would conclude  that the benefits Stanley received to his marital and family relationships do not constitute consideration.  Cf. First Nat'l Bank v. Frescoln Farms, Ltd., 430 N.W.2d 432, 435 (Iowa 1988) (transfer of stock "in consideration of love and affection" is not consideration for purposes of Iowa fraudulent transfer law).

Because the bankruptcy court erroneously concluded that Stanley received reasonably equivalent value and consideration for the disputed transfers, it did not consider whether the Trustee also showed that Stanley was insolvent at the time of, or rendered insolvent because of, the pension funds transfer, see In re Hemphill, 18 B.R. 38, 48 (Bankr. S.D. Iowa 1982) (burden on party seeking to void transfer to prove elements of § 548), ~~nor~~ **or** whether  the Church proved that Stanley remained solvent after the transfers of the homestead and personalty proceeds, see Regal Ins. Co., 324 N.W.2d at 703 (burden on transferee to prove transferor remained solvent). Thus, we remand for the bankruptcy court to consider those issues.

As to the homestead proceeds, we also disagree with the bankruptcy court's alternative conclusion that such proceeds were exempt; we disagree because the Bargfredes did not invest the proceeds in a new home; instead, they intended to, and did, use the proceeds to satisfy Pamela's debt to the Church.  See Iowa Code Ann. § 561.20 (West 1992) (new home acquired with proceeds from old home exempt to value of old); Millsap v. Faulkes, 20 N.W.2d 40 (Iowa 1945) (proceeds of homestead exempt only for purpose of reinvesting in new home).  As to the proceeds from the sale of the Bargfredes' personalty, the bankruptcy court stated that the record was insufficient to determine whether the personalty items, and

thus the proceeds therefrom, were exempt.  On remand, should the bankruptcy court conclude the transfer of the personalty proceeds was fraudulent, it may need to further consider whether any of the personalty was exempt.

A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.