**In re Joe and Cheri WILLIAMS, Debtors.**

No. 3:06–bk–71590.

United States Bankruptcy Court, W.D. Arkansas, Harrison Division.

May 22, 2007.

David L. Ethredge, Osmon & Ethredge, Mountain Home, AR, for Debtors.

Jill R. Jacoway, Jacoway Law Firm, Fayetteville, AR, Trustee.

**ORDER**

BEN T. BARRY, Bankruptcy Judge.

Before the Court is the Trustee's Motion For Summary Judgment filed on March 27, 2007, and the Debtor's Response to Trustee's Motion For Summary Judgment and Request For Partial Judgment and Opportunity to Amend Schedules B & C filed on April 13, 2007. The debtors lived

in Iowa from August 2000 until March 2006, at which time they moved to Arkansas. They filed their chapter 7 bankruptcy petition in Arkansas on July 28, 2006, where venue was proper. Initially, the debtors elected the exemptions provided under 11 U.S.C. § 522(d), typically referred to as the federal exemptions. After the trustee objected to the debtors' use of the federal exemptions pursuant to § 522(b)(3)(A), the debtors amended their schedule C and elected the exemptions available to them under Iowa law. The trustee subsequently filed an amended objection to the debtors' exemptions, specifically objecting to the debtors' use of the homestead exemption under Iowa law. According to the trustee, and the Court agrees, the issue before the Court is whether the homestead exemption law of the state of Iowa can be applied to the debtors' residence located in Arkansas.

For the reasons stated below, the trustee's motion for summary judgment requesting the Court to deny the debtors' right to claim their home exempt as a matter of law, and the trustee's motion for the debtors to turn over their home for administration in this estate are denied. The debtors' motion for partial summary judgment is granted. The trustee's objection to the debtors' homestead exemption under Iowa law is overruled.

**Jurisdiction**

This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding under Federal Rule of Bankruptcy Procedure 9014.

Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56 and is made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 9014, provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the movant to establish the absence of a material fact and identify portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party, who must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(e)). In ruling on a summary judgment motion, the court views the facts in the light most favorable to the non-moving party and allows that party the benefit of all reasonable inferences to be drawn from the evidence. *Ferguson v. Cape Girardeau Cty.,* 88 F.3d 647, 649–50 (8th Cir.1996).

**Stipulations**

The parties have submitted the following stipulations as a basis for their respective motions for summary judgment:

1. That the Debtors filed their voluntary Chapter 7 petition with this Court on July 28, 2006, and Jill Jacoway was appointed Trustee on that same day.

2. That the Debtors originally chose the exemptions provided to them under 11 U.S.C. § 522, the federal exemptions.

3. That on November 7, 2006, Trustee filed her Objection to Claim of Exemptions and Motion for Turnover asserting the Debtors were not entitled to claim the exemptions provided under the federal exemptions, but were properly entitled to exemptions under Iowa state law.

4. That on November 9, 2006, the Debtors amended their claims of exemptions to those available to them under Iowa law.

5. That on November 13, 2006, Trustee filed her Amended Objection to Claim of Exemption and Motion for Turnover, withdrawing her previous Objection to the Claim of Exemptions based on Debtors' November 9, 2006 Amendment.

6. That Trustee's November 13, 2006 Amended Objection to Exemptions, objected to Debtors' claim of exemption in their residence located 167 Lorraine Place, Mountain Home, Arkansas, pursuant to Iowa Code Section 561.2, 561.16, and 999 A.18 as the real estate which Debtors are claiming as exempt is not physically located in the State of Iowa, and hence the Debtors are not entitled to claim it as exempt.

7. That the Debtors moved to Arkansas from Iowa in March of 2006, having lived in Iowa continuously since August of 2000 prior to March, 2006.

8. That the parties agree that if the Debtors are not entitled to claim their homestead as exempt, they should be ordered to turn it over to Trustee for administration in this estate.

## Positions of the Parties

The trustee objects to the debtors' claim of homestead under Iowa law because the debtors' home is located in Arkansas. According to the trustee, the Iowa homestead exemption is not extraterritorial and cannot be applied to property located outside the state of Iowa. Additionally, because the debtors are not eligible to take a homestead exemption under either Iowa law or Arkansas law, the trustee believes the debtors are not entitled to any homestead exemption. Her argument is based upon her interpretation of the hanging paragraph at the end of § 522(b), which states, "[i]f the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for *any* exemption, the debtor may elect to exempt property that is specified under subsection (d)." 11 U.S.C. § 522(b)(emphasis added). The trustee believes that because no one objected to the debtors' claim of personal property exemption under Iowa law, the debtors have not been rendered ineligible for *any* exemption because they are entitled to all of their personal property exemptions. Thus, according to the trustee, the hanging paragraph does not permit the debtors to claim the federal exemptions under § 522(d) and, as such, are not entitled to any exemption for their homestead. It is from this argument that she bases her motion for turnover of the debtors' residence.

The debtors contend that as a result of the 730 day domiciliary requirement under § 522(b)(3)(A), they were left without a governing homestead exemption. They believe that the purpose of the savings clause located in the hanging paragraph at the end of § 522(b) is to allow debtors such as themselves the opportunity to take advantage of specific exemptions that are available to other debtors. To not allow them the opportunity to exempt their homestead under either § 522(d) or a particular state's exemption law denies them the opportunity to make a "fresh start"

and maintain an appropriate standard of living.

**Findings of Fact and Conclusions of Law**

The exemption issue raised by the parties has its genesis in § 522(b) of the code, which states, in relevant part:

(b)(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection....

(2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

(3) Property listed in this paragraph is
(A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730–day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730–day period or for a longer portion of such 180–day period than in any other place;

. . .

If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d).

11 U.S.C. § 522(b).

The debtors initially chose to exempt their real and personal property under the federal exemptions allowed under § 522(d). After an objection by the trustee, they amended their schedules to claim exemptions under Iowa law. Section 522(b) is the subsection that allows a debtor to choose the federal exemptions listed in subsection (d), if the state law referenced under paragraph (3) allows the debtor to take federal exemptions. Under the pre-BAPCPA code, the reference to the state law was straight forward. Because the domiciliary requirement of 180 days mirrored the venue requirements for filing a petition, see 28 U.S.C. § 1408,[1] the debtor typically did not have to be concerned with which state law would apply in determining his exemption choice.

BAPCPA altered that considerably. Under the BAPCPA code, a debtor is still allowed to choose the federal exemptions listed in subsection (d), again with the condition that the state law referenced under paragraph (3) allows the debtor to take federal exemptions. It is paragraph (3) that gives rise to new concern for the debtor. Now, the domiciliary requirement for taking exemptions is 730 days, not 180 days. As in this case, the debtors can meet the venue requirement under 28

---

1.  28 U.S.C. § 1408 states, in relevant part:
    [A] case under title 11 may be commenced in the district court for the district—
    (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; . . .

U.S.C. § 1408 because they have lived in Arkansas for the longer portion of the requisite 180 days, but do not meet the domiciliary requirement of 730 days relating to their choice of exemptions. Under Arkansas law, the debtors would have the right to choose either the federal exemptions listed under § 522(d) or Arkansas's state exemptions under the laws of the state of Arkansas and the Arkansas Constitution. Ark.Code Ann. § 16–66–217 (2005). However, because the debtors have not been domiciled in Arkansas for the required 730 days under § 522(b)(3)(A), they no longer have this option. Instead, they must look to "the place in which the debtor's domicile was located for 180 days immediately preceding the 730–day period;" in this case, Iowa.

■ The threshold question in any § 522(b)(3)(A) exemption issue is which exemption law(s) should apply. In this instance, as recognized by both parties, the federal exemptions are not available to a debtor under Iowa law. This includes a non-resident debtor. According to the Iowa opt-out statute, "[a] debtor to whom the law of this state applies on the date of filing of a petition in bankruptcy is not entitled to elect to exempt from property of the bankruptcy estate the property that is specified in 11 U.S.C. sec. 522(d) (1979)." Iowa Code § 627.10 (1998). Pursuant to amended § 522(b)(3)(A), the debtors are

debtors "to whom the law of this state applies" and must look to Iowa law to determine their available exemptions. The Iowa opt-out statute applies to "a debtor," without any reference to or requirement that the debtor be a resident of Iowa.[2] Accordingly, the debtors are bound by Iowa law and must use the Iowa exemptions if they are available.

■ Although the trustee has only objected to the debtors' claim of a homestead exemption under Iowa law, a review of the exemption laws of Iowa is instructive. According to the Iowa exemption statute relating to personal property, a debtor who is a *"resident of this state"* may hold exempt from execution certain enumerated personal property. Iowa Code § 627.6 (2007)(emphasis added). Because of the requirement that a debtor be a resident, on its face, the personal property exemptions would not be available to nonresidents of Iowa, including the debtors in this case. This does not preclude the debtors from claiming their personal property exempt under Iowa law; however, it would be the basis for an objection by the trustee or creditors to the debtors' claim of exemptions. In this case, neither the trustee nor any other party in interest objected within the 30 day time limit prescribed by Federal Rule of Bankruptcy Procedure 4003(b) and are now time-barred.[3] *Abramowitz v. Palmer*, 999 F.2d 1274, 1276

---

**2.** Many states's opt-out provisions apply only to residents of the particular state. For instance, Florida law states that *"residents of this state* shall not be entitled to the federal exemptions ...,"* Fla. Stat. ch. 222.20 (1979)(emphasis added); Ohio law states that "this state specifically does not authorize debtors *who are domiciled in this state* to exempt the property specified in the 'Bankruptcy Reform Act of 1978' ...,"* Ohio Rev. Code Ann. § 2329.662 (Banks–Baldwin 1985)(emphasis added); and Colorado law states that "[t]he exemptions provided in section 522(d) ... are denied to *residents of this*

state ...,"* Colo.Rev.Stat. § 13–54–107 (1981)(emphasis added). Presumably, in those states, non-resident debtors would not be bound by the opt-out provisions.

**3.** Rule 4003(b) states that "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr.P. 4003(b)(1).

(8th Cir.1993)("failure to object to a debtor's claim of exemption within the 30–day time limit prescribed by Bankruptcy Rule 4003(b) precludes trustees and creditors from challenging the exemption of that property after the 30 days have expired."); *see also* 11 U.S.C. § 522(*l* ).[4]

■ Conversely, the homestead exemption allowed under Iowa law is not resident specific. Under Iowa law, "[t]he homestead must embrace the house used as a home by the owner...." Iowa Code § 561.1 (1992). There is no concomitant requirement that the owner be a resident of Iowa. Likewise, under the specific exemption statute cited by the parties, "[t]he homestead of *every person* is exempt from judicial sale where there is no special declaration of statute to the contrary." Iowa Code § 561.16 (1992)(emphasis added). Based on a plain reading of the statute, the debtors in this case are not precluded from claiming a homestead exemption under Iowa law. The statutory provision allowing a "house used as a home" to be a homestead has no residency or territorial requirement.

The trustee argues that the Iowa homestead exemption should have no extraterritorial force or application. She bases her argument on an Iowa case that finds that the proceeds from the sale of a homestead in Iowa cannot maintain its exempt status when reinvested in a homestead in Missouri. *Rogers v. Raisor,* 60 Iowa 355, 14 N.W. 317 (Iowa 1882). The court specifically stated that, "[t]he laws of each state ... apply only to homesteads acquired and held under its own laws, and within its territorial jurisdiction. The laws of neither state can have any extraterritorial force or application." *Id.* at 317. However, this argument fails in the light of a recent Eighth Circuit opinion, *In re Drenttel,* 403 F.3d 611 (8th Cir.2005).

In *Drenttel,* the debtors moved from Minnesota to Arizona, purchased a home, and, within a month of moving, filed a chapter 7 petition in Minnesota, claiming Minnesota exemptions on their petition. Minnesota was the proper venue for filing because it was where the debtors' domicile was located for the longer portion of the 180 days prior to filing, as required by 28 U.S.C. § 1408. The chapter 7 trustee objected to the debtors' claim of Minnesota exemptions, arguing that "states traditionally do not give extraterritorial effect to statutes relating to the ownership of real property." *Id.* at 613. In support of her position, the trustee looked to Minnesota's choice of law principles, not the Minnesota homestead exemption. The Eighth Circuit recognized that the trustee's argument was "based on state interpretation of *state* law and may not apply with equal force in the context of a federal statute. Traditional concerns respecting the dignity and sovereignty of other states and limiting jurisdiction to the state borders are simply inconsistent with the national effect and supremacy of federal law." *Id.* n. 1. According to the court, "[r]eferences to state exemption statutes do not invoke the entire law of the state. Instead, Congress used state-defined exemptions as part of a federal bankruptcy scheme, while limiting the application of state policies that impair those exemptions." *Id.* at 614. With that in mind, the court looked to the language of the Minnesota exemption statute to determine whether the exemption could be applied to a homestead located in Arizona. Because the language of the statute did not preclude the use of Minnesota's homestead exemption for property located out-

---

**4.** Subsection (*l* ) states: "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l* ).

side Minnesota, and permitting the exemption was consistent with Minnesota's rule of liberal construction of homestead law in favor of the debtor, the court concluded that the exemption could apply to the debtors' Arizona homestead. *Id.* at 615. *See also Arrol v. Broach (In re Arrol),* 170 F.3d 934 (9th Cir.1999)(finding that because California policy was to interpret exemption laws liberally and nothing in the homestead exemption statute explicitly limited homesteads to dwellings located within the state, under federal bankruptcy law California exemption law was applicable to Michigan filer).

This case presents a similar situation. Pursuant to § 522(b)(3)(A), the debtors are required to use Iowa exemptions, if the exemptions are available. According to the Supreme Court of Iowa, "to secure the benevolent purposes of the homestead laws they should be broadly and liberally construed in favor of the beneficiaries of the legislation." *Millsap v. Faulkes,* 236 Iowa 848, 20 N.W.2d 40, 42 (Iowa 1945). As stated above, the personal property exemptions are only available to a debtor "who is a resident of this state." Iowa Code § 627.6 (2007). Under *Drenttel,* the personal property exemptions are territorial and would not be available to a nonresident debtor (although acceptable in this instance because the trustee or other interested party failed to object within the allowed period of time). On the other hand, the homestead exemption does not specifically preclude the use of the exemption for property located outside Iowa. Section 522(b)(3)(A) encompasses a federal choice of law, the result of which may be contrary to a state court decision interpreting the statute. However, as recognized by the *Drenttel* court, "[r]eferences to state exemption statutes do not invoke the entire law of the state." *Drenttel,* 403 F.3d at 614; *cf. Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d

136 (1979)(acknowledging that property interests normally governed by state law could be analyzed differently if some federal interest requires a different result). Because the homestead exemption statute is not territorial on its face, and permitting the exemption is consistent with Iowa's liberal construction of its homestead laws, the Court finds that Iowa's homestead exemption is available to the debtors in this case as a matter of federal bankruptcy law and overrules the trustee's objection.

Because of the result reached in this case, the Court will not address the trustee's argument that the savings clause located at the end of § 522(b) is not applicable in this instance. Suffice it to say that the Congressional intent of the exemption statute is, and has always been, to give the debtor a "fresh start." Under the trustee's interpretation of the word "any," in this case that fresh start would have to begin without the one property interest accepted throughout the United States-a homestead. According to Judge Richard Arnold, "the protection of the homestead forwards important social policies of its own, just as much a part of justice as the protection of the rights of creditors." *Sholdan v. Dietz (In re Sholdan),* 217 F.3d 1006, 1012 n.7 (8th Cir.2000)(Arnold, J., dissenting).

Based on the above opinion, the Court concludes that the debtors are eligible to use the Iowa homestead exemption, denies the trustee's motion for summary judgment requesting the Court to deny the debtors' right to claim their home exempt as a matter of law, and denies the trustee's motion for the debtors to turn over their home for administration in this estate. Further, the Court overrules the trustee's objection to the debtors' homestead exemption. The Court grants the debtors' motion for partial summary judgment and

finds that the Iowa homestead exemption is available to the debtors in this case. IT IS SO ORDERED.